NO. 8643.

COURT OF APPEAL

PARISH OF ORLEANS.

———

UNITED STATES HOFFMAN MACHINERY INC.

versus

JACK NESBIT & MILES MASHBURN et als.

———————

———————

*Court of Appeal*

PARISH OF ORLEANS

FILED MAY 8/22

Stansbury

8643

Dinkelspiel; J.

This litigation presents, substantially, the following facts:

The brief of the ~~opponent~~ appellant states correctly the cause of action.

"The St. Charles Street Realty Co., Inc., one of the defendants in the above proceedings sued out a provisional seizure against the other defendants and Mashburn and seized a pressing machine under a claim of Eighty Dollars, for rent.   This proceeding was in the First City Court; the plaintiff in the above case, the United States Hoffman Machinery Co., Inc. filed an intervention and third opposition, claiming a superior privilege on the machine for Three Hundred Seventy Dollars.   The Court on final trial sustained the claim for Eighty Dollars, ordered the property provisionally seized to be sold under a writ of fieri facias, in satisfaction of the debt and dismissed the claim of the United States Hoffman Machinery Co., Inc. the present plaintiff, on the ground that the amount involved was above the jurisdiction of the Court; the fi.fa. issued; the property provisionally seized was seized under the fi.fa. and at about the time the constable was ready to advertise it for sale the above suit was instituted by plaintiff.

Subsequently the property was actually seized and the Sheriff took from the Constable, the machine which the Constable had in his possession and which he was prepared to sell to satisfy the the lessor's claim.   The Constable filed a rule in the District Court, setting up all the facts and the District Judge ordered the sheriff to return to the constable the property.

The St. Charles Street Realty Company, Inc., one of the defendants ~~kmx~~ herein, being a party to the suit and being the plaintiff in the provisional seizure in the First City Court, moved to dissolve the injunction issued in the cause, preventing the ~~xxxxxdx~~ Constable from selling the machine on the ground that

the United States Hoffman Machinery Co., Inc.'s. remedy was by third opposition in the District Court, claiming the proceeds realized from the sale to be made by the Constable under the judgment of the First City Court; this motion was overruled, being based upon no right or cause of action for the issuance of an injunction in the said cause. The District Court heard the motion to dissolve and overruled it, leaving the litigation in that position; the Constable is in possession of this machine under a fi.fa. issued from the First City Court without power to sell the machine because he is enjoined from doing so by the District Court, thus leaving the plaintiff with the executory process, ordering the seizure and sale, from the District Court, when the District Court subsequently required the machine to be returned to the Constable of the First City Court/

It is in this condition of affairs that this appeal is prosecuted and the whole question that presents itself to this Court is, has a litigant, whose claim exceeds the maximum jurisdiction of the First City Court, the right of going into the District Court/and preventing the sale of the property upon which he through injunction proceedings, claims a privilege, or is not his remedy simply to apply to the District Court, making the seizing creditor and the Constable a party and requring the party to either hold the proceeds in his hands by an order of the District Court, xxquxixxxquxxx requiring the seizing creditor in the suit to come into the District Court to litigate the same as though the seizure had been made from the District Court xxxxxxxkkxxxxxppxxkkxxxxxxxxxxxxxxxxx and a third opponent would have the right to litigate by third opposition.

Under the Article of the Code of Practice, 401, "Third Opposition claiming provilege is made by motion— Sheriff hold proceeds. If, on the contrary, the opposition be made on the ground that the third opponent has a privilege which entitled him to be paid in preference to the party making the seizure out of the proceeds of the sale of the property seized, as when there are several seizure's or conflicting claims on the

same property, such opposition may be made by motion, of which due notice must be given both tkm to the party who has made the seizure and tkm to the sheriff; and the court, without requiring any security from the third opponent, shall direct the sheriff to retain in his hands, subject to their further order, the proceeds of the sale.

It has been held in the case of Edward Shiff & Co. vs. P. Carprette et al, 14 Ann. p. 801, quoting from the syllabus:

"When a party has a claim exceeding in amount the jurisdiction of a Justice of the Peace, and bearing a privilege upon property attached by another party in a Justices' Court, his remedy is by a suit in theDistrict Court, claiming kixgxix his privilege and enjoining the officer having the writ of attachment issued by the Justice from proceeding with its execution, and paying over the proceeds to the attaching creditor, or by a rule taken upon the attaching creditor, to show cause why he should not be paid by preference out of the proceeds of the sale of the property attached."

The same doctrine is announced and affirmed in the 51st Ann. p./485x in the Case of Brown, Jr., versus Washington.

The syllabus there reads:

The claim of the third opponent was not liquidated, and he was prevented by its amount from going before a justice of the peace court to assert the claim and the privilege by which it was secured against another creditor, who was having judgment rendered in his favor by a justice of the peace court, executed to satisfy the privilege recognized by the judgment on the property tmx to which opponent also claimed a privilege.

It was there held: That the third/opponent can compel his adversary to come into the District Court to litigate his right to a privilege.

Under the articles of the Code of Practice and the authorities cited, the injunction should have been dismissed and parties relegated to their rights as required by law. Injunction is not the proper remedy in this case.

For the reasons assigned, it is ordered, adjudged and decreed, that the injnction issued in the first case and maintained, be dissolved and that plaintiffs, the United States Hoffman Machinery Company, Inc., if they so desire, will have a right to file a third opposition by rule or otherwise, *herein, to* maintain whatever privilege they may have and that the judgment of the Court aqua be set aside and the proceedings dismissed, at plaintiffs' costs.

—Judgment reversed and injunction dissolved—